*The probate of a paper propounded as the Will of* JAMES McLAUGHLIN.

THE proceeding for probate involves simply the *factum* of the will. The Surrogate does not then examine the contents of the will, except as they bear on the question of its execution and authenticity, and the capacity of the testator.

THE SURROGATE. The act of 1837 chap. 460, § 17, provides, among other things, that "before recording any will or admitting the same to probate the Surrogate shall be satisfied of its genuineness and validity."

The probate of this will is resisted under this clause. It is argued that the trust, which forms the principal feature of the testamentary provisions, is attempted to be created for purposes not permitted by the laws of this State, and that its execution would suspend the power of alienation of real estate (*R. S., vol. 3, 5th ed., p.* 11, § 15), and the ownership of personal property (*same volume, p.* 75, § 1), for a longer period than for two lives in being at the time of its creation; that such a trust being unlawful, the entire testamentary scheme falls to the ground, and the will is invalid.

The requirement of the statute that the Surrogate is to be "satisfied," before admitting a will to probate, of the validity of the instrument, could never have been intended by the Legislature to impose upon him a thorough examination of the contents of each will propounded before him, whether contested or not, before decreeing probate, and a summary rejection of any and all such as in his opinion might contain a doubtful bequest or provision. It is but common sense to say that the law making power must have meant to impose upon him no such duty at this period of the estate.

It meant that the Surrogate should satisfy himself that the instrument was "valid" as a will. Not that he

should declare on probate that every line and letter, every legacy and trust, was valid. For, had such been the intention, this section would have made the Surrogate's decree of probate a conclusive judicial determination, at the moment of its entering, and not to be impeached in his Court at any time, of the lawfulness of every portion of the will. Whereas, from all time, Surrogates have sat in judgment upon lapsed legacies, invalid trusts and powers, void devises, difficult constructions and similar questions, arising either upon the subsequent accounting of executors or upon their petitions asking for construction and direction in their duties. Upon the probate proceeding, the Surrogate does not examine the contents of the will, except as they bear upon the question of its execution and authenticity, and the capacity of the testator. It is the *factum* of the document that is then under consideration. The use of the word "validity" in the statute of 1837 is, perhaps, unfortunate, but time and unquestioned usage have established the meaning that I have just recited, and this Court will not now entertain an opposite view or make the alleged invalidity of a trust a ground for denying probate of a will.